```
IN THE UNITED STATES DISTRICT COURT
   FOR THE WESTERN DISTRICT OF TENNESSEE
              WESTERN DIVISION
```

_____

RONALD GOOCH,                )
                             )
    Plaintiff,               )
                             )
vs.                          )    Civil No. 13-2326-JTF/tmp
                             )
TGI FRIDAY,                  )
                             )
    Defendant.               )

_____

**REPORT AND RECOMMENDATION FOR *SUA SPONTE* DISMISSAL**
_____

On May 20, 2013, the plaintiff, Ronald Gooch ("Gooch"), a resident of Memphis, Tennessee, filed a *pro se* complaint under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e <u>et seq.</u>, accompanied by a motion seeking leave to proceed *in forma pauperis* and a motion to appoint counsel. (ECF Nos. 1, 2 & 3.) On May 23, 2013, the court granted leave to proceed *in forma pauperis*, (ECF No. 5), and on May 28, denied plaintiff's motion for appointment of counsel. On July 10, 2013, an Order to Issue and Effect Service of Process was entered, and summons was issued. The case was referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation, as appropriate.

A scheduling conference was set for September 24, 2013. The notice of setting was mailed to plaintiff on September 5, 2013. On August 28, 2013, the defendant filed a Motion for More Definite

Statement. (ECF No. 9.) Plaintiff did not respond to the motion. On September 24, 2013, the plaintiff failed to appear timely for the scheduling conference. As a result, on that same day, the court entered an Order to Show Cause and ordered plaintiff to appear on October 10, 2013, for the scheduling conference. The court warned plaintiff that failure to comply with the order would result in a recommendation that his case be dismissed without further notice. On October 10, 2013, plaintiff appeared for the scheduling conference and was warned about the need to comply with the court's orders. At the conference, plaintiff stated that he would not be filing a response to the Motion for More Definite Statement. On that basis, the court granted the motion and ordered plaintiff to file an amended complaint by no later than October 25, 2013. To date, plaintiff has not filed his amended complaint as ordered by the court. In addition, at the October 10 scheduling conference, plaintiff stated that his new address was 1478 Mary Jane, Memphis, Tennessee 38116. Since then, court mail sent to that address has been returned as undeliverable.

On October 29, 2013, a Second Order to Show Cause was entered. Plaintiff was ordered to file his amended complaint and notify the court in writing of his correct mailing address by November 14, 2013. The court directed the Clerk to mail a copy of the show cause order to his current address of record as well as his former address of record. Plaintiff was again warned that failure to

comply with this order would result in a recommendation to the District Judge that his case be dismissed with prejudice. Plaintiff has not responded to the second order to show cause.

Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss any case if "the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). Unless the court orders otherwise, a dismissal for failure to prosecute pursuant to Rule 41(b) is an adjudication on the merits. See Bragg v. Flint Bd. of Educ., 570 F.3d 775, 776 (6th Cir. 2009). "[I]t has long been recognized that this rule authorizes a district court's *sua sponte* dismissal of an action." Overstreet v. Roane Cnty. Bd. of Educ., No. 3:08-cv-401, 2008 WL 5234044 at *1 (E.D. Tenn. Dec. 12, 2008) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 629-31 (1962)). The authority to dismiss a case under Rule 41(b) "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." Knoll v. Am. Tel. & Tel. Co., 176 F.3d 359, 363 (6th Cir. 1999). District courts are permitted substantial discretion in determining whether dismissal is appropriate. Knoll, 176 F.3d at 363; Harmon v. CSX Transp., Inc., 110 F.3d 364, 366 (6th Cir. 1997). The Sixth Circuit has articulated four factors to be addressed by the court in assessing whether dismissal for failure to prosecute is warranted: (1) whether the party's failure was the

result of willfulness, bad faith, or fault; (2) whether the opposing party suffered prejudice due to the party's conduct; (3) whether the dismissed party was warned that failure to cooperate or to comply with court orders could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. Mulbah v. Detroit Bd. of Educ., 261 F.3d 586, 589 (6th Cir. 2001). Prior notice to the party that his or her failure to prosecute may result in dismissal is important to support the sanction. Vinci v. Consolidated Rail Corp., 927 F.2d 287, 288 (6th Cir. 1991).

The court submits that plaintiff's failure to prosecute his case is willful and done in bad faith. Local Rule 7.1(a) provides that "All pleadings, motions, and other papers presented for filing . . . shall contain the [plaintiff's] name, address, telephone number, [and] email address, if any . . . ." It is incumbent upon any litigant, including a *pro se* litigant, to keep the court informed of his or her current address. See Barber v. Runyon, No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) (explaining *pro se* litigants have a duty to supply the court with notice of any and all changes in address) (citations omitted). Although some latitude may be extended to *pro se* litigants "dealing with sophisticated legal issues . . . there is no cause for extending this margin to straightforward procedural requirements that layperson[s] can comprehend as easily as a lawyer[s]." Jourdan v.

-4-

Jabe, 951 F.2d 108, 109 (6th Cir. 1991).  In order to preserve a defendant's right to fair and timely resolution of litigation, *pro se* litigants should not "be accorded special consideration" when they fail to adhere to easily understood court deadlines and requirements.  See id. at 110.  Without such basic information as a plaintiff's current address, courts have no recourse but to dismiss a complaint for failure to prosecute.  See White v. City of Grand Rapids, 34 F. App'x 210, 211 (6th Cir. 2002) (affirming district court's order dismissing *pro se* complaint without prejudice for want of prosecution because he failed to keep the court apprised of his current address); Buck v. U.S. Dept. of Agriculture, Farmers Home Admin., 960 F.2d 603, 608–09 (6th Cir. 1992) (dismissal upheld in part due to counsel's failure to advise the court of change of address); Harkleroad v. Astrue, No. 4:03-cv-15, 2011 WL 3627161, at *3 (N.D. Ohio Aug. 17, 2011) ("Indeed, dismissal for failure to prosecute may be appropriate when a *pro se* plaintiff fails to keep the court apprised of her current address."); Torrance v. Aspirecard.com Inc., No. 1:09cv645, 2010 WL 3782167, at *1 (S.D. Ohio Sept. 28, 2010) ("[b]y failing to keep the Court apprised of his current address, Plaintiff demonstrates a lack of prosecution of his action.") (citations omitted).  In addition to providing the court will his incorrect contact information, plaintiff has failed to file an amended complaint as ordered by the court.

Second, by failing to provide correct contact information and failing to file an amended complaint that addresses the issues raised in defendant's motion for a more definite statement, the defendant undoubtedly has been prejudiced in its inability to defend against the claims.  Third, plaintiff has been warned that the case would be dismissed with prejudice if he failed to comply with the court's orders.  Fourth, given the fact that plaintiff was granted pauper status, monetary sanctions likely would not be effective.  The court submits that the severe sanction of dismissal is warranted under the circumstances.  Therefore, it is recommended that plaintiff's case be dismissed with prejudice.

The Clerk shall cause a copy of this Report and Recommendation to be delivered to the plaintiff at his address of record, as well as his former address of 4069 Forestview, Memphis, Tennessee 38118.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

November 19, 2013
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, A PARTY MAY SERVE AND FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. A PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY.  FED. R. CIV. P. 72(b)(2).  FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**